IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTOINE DREW a/k/a<br>DREW HAKIM AL-AKH AKHBAR, | )<br>)<br>) | Civil Action No. 2: 18-cv-1118 |
| Plaintiff, | )<br>) | Chief United States Magistrate Judge<br>Cynthia Reed Eddy |
| v. | )<br>) | |
| JOHN WALTON, Warden, et al., | )<br>) | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff, a former prisoner at Westmoreland County Prison,[2] brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff's claims arise from various alleged constitutional violations which occurred during the Muslim holy month of Ramadan in 2018. Named as defendants are a number of Westmoreland County Prison officials and employees, including the Warden, Warden of Security, Warden of Treatment, Operations Manager, a kitchen employee, and several correctional officers; a physician assistant; the Chaplain; and two nutritionists, employees of Nutrition, Inc., the company that provides food service management and operation at the Westmoreland County Prison. All defendants are sued in their individual capacities.[3] Complaint,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), all parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. *See* ECF Nos. 10, 41, 59, and 60.

[2] The Complaint does not identify Plaintiff's custody status at the time of the alleged violations; it only states that Plaintiff was booked into the Westmoreland County Prison on April 2, 2018. Plaintiff notified the Court on October 22, 2019, that he was no longer incarcerated. (ECF No. 62).

[3] Plaintiff voluntarily dismissed Defendant Dawn Bickerton. (ECF No. 61). The remaining defendants filed Answers. (ECF Nos. 35 and 58).

¶ 62. (ECF No. 7).

Plaintiff alleges, *inter alia*, that during the month of Ramadan in 2018, he was served only two meals daily, both of which were nutritionally inadequate and routinely arrived past the time that he was permitted to eat, and that he was not provided with Halal food. He alleges that all Defendants during the relevant time (1) failed to provide him with a well-balanced meal with adequate nutrition three times a day; (2) imposed a nutritionally inadequate diet; (3) failed to accommodate his fasting requirements; (4) deprived him of basic human necessities; and (5) discriminated against him due to "deep seated prejudice against Muslims and in an attempt to turn one from Islam." Complaint, ¶ 58.

Currently pending is the motion to dismiss pursuant to Federal Rule Civil Procedure 12(b)(6) and motion for a more definite statement pursuant to Federal Rule Civil Procedure 12(e) filed by Defendants Barbara Loebach and Jeff, LNU. (ECF No. 36). Plaintiff filed a response in opposition. (ECF No. 48). The matter is ripe for disposition

*Standard of Review - Motion to Dismiss*

The applicable standard under Federal Rule of Civil Procedure 12(b)(6) is well settled. In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened pleading of fact pleading. Fed.R.Civ.P. 8(a)(2) requires only " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests'." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit

explained that a district court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleading components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011)(quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus*, 641 F.3d at 560.

This Court may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.3. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id*. at 556. Generally speaking, a complaint that provides adequate facts to establish "how, when, and where" will survive a motion to dismiss. *Fowler*, 578 F.3d at 212. In short, a motion to dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him or her to relief. *Twombly*, 550 U.S at 563 n. 8.

*Standard of Review - Motion for More Definite Statement*

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). Rule 12(e) is part of the "district court's case-management arsenal," *Twombly*, 550 U.S. at 593 n.13, that, in conjunction with the rest of Rule 12 and Rule 8, serves "to frame and govern [the] court's assessment of the quality of a pleading." *Sony BMG Music Entm't v. Cloud*, No. 08-1200, 2008 WL 3895895, at *2 (E.D.Pa. Aug. 22, 2008). Generally speaking, "Rule 12(e) motions are disfavored in light of the liberal pleading standards established by Fed.R.Civ.P. 8(a)." *Transport Int'l Pool, Inc. v. Ross Stores, Inc.*, No. 06-1812, 2009 WL 1033601, at *2 (E.D.Pa. Apr. 15, 2009); *see also Country Classics at Morgan Hill Homeowners' Ass'n v. Country Classics at Morgan Hill, LLC*, 780 F.Supp.2d 367, 371 (E.D.Pa. 2011) ("[M]otions for a more definite statement are 'highly disfavored.'"). Courts will grant a Rule 12(e) motion only "if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading." *County Classics*, 780 F.Supp.2d at 371 (internal quotations omitted).

*Discussion*

The moving defendants are the current and former nutritionists employed by Nutrition, Inc., which provides food service to Westmoreland County Prison.[4] Defendants argue that they

---

[4] It is not clear from the Complaint if the moving defendants worked or performed their nutritional services on-site at Westmoreland County Prison. The Court notes that the Supreme Court has held that people who work in a state or municipal prison, or perform required services for their prisoners, under private contact generally act under color of state law. *West v. Atkins*, 487 U.S. 42, 54-57 (1998); *see also Correctional Services Corp. v. Malesko,* 534 U.S. 61, 71 n.5 (2001) (stating that generally state prisoners "enjoy a right of action against private correctional providers under 42 U.S.C. § 1983.")

are private individuals and not state actors, and are not subject to the claims asserted by Plaintiff for violations of his civil rights. Plaintiff responds that Westmoreland County Prison provided meals under the guidance of a nutritionist and that these defendants, as nutritionists, failed to provide meals adequate in nutrition for Ramadan participants and the meals were not in line with Plaintiff's faith. For example, he alleges, *inter alia*, that he was served pork sandwiches for thirty days which is forbidden in Islam, if other foods are available.

After a close review of the allegations of the Complaint, the Court finds that the allegations are enough to create plausible claims against these Defendants and, as such, Defendants' motion to dismiss will be denied. Additionally, the Court finds that the allegations in the Complaint are not so vague, ambiguous, or unintelligible that Defendants are unable to frame a responsive pleading, *Garrett v. Wexford*, 938 F.3d 69, 91-94 (3d Cir. 2019), and, as such, Defendants' motion for a more definite statement will be denied.

The Court recognizes that discovery may well reveal that these defendants are not state actors or that their alleged conduct does not give rise to a constitutional violation, but at this early stage of the litigation, the allegations of the Complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor.

An appropriate Order follows.

## ORDER

For the reasons set forth above, Defendants' Motion to Dismiss and Motion for More Definite Statement (ECF No. 35) is denied. Defendants shall file an Answer on or before **January 15, 2020**, pursuant to Fed.R.Civ.P. 12(a)(4)(A).

IT SO **ORDERED** this 27th day of December, 2019.

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:     ANTOINE DREW
c/o Courtney Baltimore
356 Lawn Street
Pittsburgh, PA 15213

All Counsel of Record
(via ECF electronic notification)