IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| ANTOINE DREW a/k/a <br> DREW HAKIM AL-AKH AKHBAR, <br><br> Plaintiff, <br><br> v. <br><br> JOHN WALTON, Warden, et al., <br><br> Defendants. | Civil Action No. 2: 18-cv-1118 <br><br> Chief United States Magistrate Judge <br> Cynthia Reed Eddy |

## MEMORANDUM OPINION[1]

Plaintiff, Antoine Drew, a/k/a Drew Hakim Al-akh Akhbar (Drew), a former prisoner at Westmoreland County Prison,[2] brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff's claims arise from various alleged constitutional violations which occurred during the Muslim holy month of Ramadan in 2018 while he was incarcerated at Westmoreland County Prison. The defendants filed two separate motions for summary judgment. (ECF Nos. 113 and 116). Despite being ordered to do so, and despite being granted four extensions of time in which to do so, Drew has not responded to these motions. For the reasons that follow, the motions for summary judgment will be granted.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), all parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. *See* ECF Nos. 10, 41, 59, and 60.

[2] The Complaint does not identify Plaintiff's custody status at the time of the alleged violations; it only states that Plaintiff was booked into the Westmoreland County Prison on April 2, 2018.

1

*Background and Procedural History*

Drew began this action on August 23, 2018, by the filing of a Motion for Leave to proceed *in forma pauperis* (the IFP Motion). Attached to the IFP motion was a civil rights complaint which named the plaintiff as "Muslims Incorporated in America (MIA) aka Antoine Drew." (ECF No. 1-2). After Drew was advised that he could not assert claims on behalf of Muslims Incorporated in America (ECF No. 2), he filed a motion to amend the caption to reflect the plaintiff as "Antoine Drew a/k/a Drew Hamim al-Akh Akhbar, an individual." (ECF No. 3). That motion was granted on September 12, 2018. (ECF No. 4). Thereafter, the IFP motion was granted (ECF No. 6), and the Complaint was filed on September 25, 2018. (ECF No. 7).

Named as defendants in the Complaint are a number of Westmoreland County Prison officials and employees, including the Warden, the Deputy Warden of Security, the Deputy Warden of Treatment, the Operations Manager, a kitchen employee, and several correctional officers; a physician assistant;[3] the Chaplain; and two nutritionists, both employees of Nutrition, Inc., the company that provides food service management and operation at the Westmoreland County Prison.[4] All defendants are sued only in their individual capacities. Complaint, ¶ 62.

Plaintiff alleges, *inter alia*, that during the month of Ramadan in 2018, he was served only two meals daily, both of which were nutritionally inadequate and routinely arrived past the time that he was permitted to eat, and that he was not provided with Halal food. He alleges that all Defendants during the relevant time (1) failed to provide him with a well-balanced meal with adequate nutrition three times a day; (2) imposed a nutritionally inadequate diet; (3) failed to

---

[3] Plaintiff voluntarily dismissed the physician assistant, Dawn Bickerton, on August 8, 2019. (ECF No. 61).

[4] The two nutritionists named in the complaint are Barbara Loebach and Jeff LNU. Defendant Jeff LNU was subsequently identified as Jeff Paschke. (ECF No. 118).

2

accommodate his fasting requirements; (4) deprived him of basic human necessities; and (5) discriminated against him due to "deep seated prejudice against Muslims and in an attempt to turn one from Islam." *Id*., ¶ 58.

On October 22, 2019, Drew notified the Court that he had been released from custody. (ECF No. 62). After Answers were filed by Defendants (ECF Nos. 35 and 58), the Court entered its Case Management Order (ECF No. 65) and scheduled a telephonic initial case management conference for March 26, 2020. (ECF No. 70). Drew was ordered to provide the Court by March 24, 2020, with a phone number where he could be reached. Drew failed to comply with that Order, and, as a result, the telephonic conference scheduled for March 26, 2020 was cancelled. The Court issued a Show Cause Order instructing Drew to show cause by April 13, 2020, why the case should not be dismissed for failure to comply with the Court Order and failure to notify the Court of his phone number. (ECF No. 72). Drew failed to respond to the Show Cause Order and the case was dismissed for failure to prosecute on April 20, 2020. (ECF No. 73).

Approximately six weeks later, Drew filed a Motion for Reconsideration stating that he had been "processed back into Westmoreland County Prison." (ECF No. 74). The Court granted Drew's motion and reopened the case. (ECF No. 75). The Court reset its case management deadlines and the parties had the opportunity to conduct discovery.

On May 4, 2021, Defendants James Badamo, Thomasina Conklin, Hannah (LNU), Harding, George Lowther, Leshia Rehard, Eric Schwartz, Sheryl Tomasello, John Walton, and John Doe (hereinafter collectively referred to as the "Westmoreland County Defendants") filed a motion for summary judgment, a brief in support of that motion, a concise statement of material facts, and supporting documents. (ECF Nos. 113 – 115, inclusive). And on May 6, 2021, Defendants Barbara Loebach and Jeff Paschke filed a motion for summary judgment, a brief in

support of that motion, a concise statement of material facts, and supporting documents. (ECF Nos. 116 – 118, inclusive).  Drew was reminded by the Court that in accordance with the case management order, his response to the motions was due by June 18, 2021.  (ECF No. 119).

On May 19, 2021, Drew filed his first motion for extension of time to respond to the motions for summary judgment. (ECF No. 120).  Contemporaneously, he also filed a Notice of Change of Address indicating that he had been released from custody.  (ECF No. 121).  Drew's request for an extension of time was granted and his response to the motions was due by July 9, 2021. (ECF No. 124).   Thereafter, Drew was granted three additional extensions in which to respond to the motions for summary judgment.  (See ECF Nos. 124, 125, and 127).  Although Drew's response was due by September 7, 2021, he failed to file a brief or other documents in opposition to either of the pending motions for summary judgment.

Generally, a dispositive motion may not be granted merely because it is unopposed.  In an attempt to determine whether Drew had abandoned the case, the Court on September 15, 2021, issued an Order advising the parties that the Court will proceed to rule on the motions without the benefit of Drew's response.  (ECF No. 128).  Drew also was advised that if he no longer wished to prosecute the case, he should file a notice of voluntary dismissal.  The Court has received nothing from Drew in response to the Order of September 15, 2021, and the Court has no reason to believe that Drew did not receive the Order as it has not been returned as undeliverable.

As of the date of this Memorandum Opinion, Drew has not responded to the pending motions for summary judgment in any manner.   The motions for summary judgment are ripe for disposition, notwithstanding that Drew did not file a response to the pending motions.  When, as in this case, a motion for summary judgment is unopposed, "the Court is required to conduct its

own examination of whether granting summary judgment is appropriate." *Fekade v. Lincoln Univ.*, 167 F.Supp. 2d 731, 738 (E.D.Pa. 2001).

*Standard of Review*

The standard for assessing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is well-settled. A court should grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Furthermore, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 250.

On a motion for summary judgment, the facts and the inferences to be drawn therefrom should be viewed in the light most favorable to the non-moving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Hudson v. Proctor & Gamble Paper Prod. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009) (citations omitted). It is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. *See Anderson*, 477 U.S. at 255; *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004); *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S at 247-48. An issue is "genuine" if a reasonable jury could possibly hold in the nonmovant's favor with respect to that issue. *See id*. "Where the

record taken as a whole could not lead a reasonable trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'." *Matsushita*, 475 U.S. at 587; Huston, 568 F.3d at 104.

This standard is somewhat relaxed with respect to pro se litigants. Where a party is representing himself *pro se*, the complaint is to be construed liberally. A pro se plaintiff may not, however, rely solely on his complaint to defeat a summary judgment motion. *See, e.g., Anderson,* 477 U.S. at 256 ("Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."). Allegations made without any evidentiary support may be disregarded. *Jones v. UPS*, 214 F.3d 402, 407 (3d Cir. 2000); *see also Schoch v. First Fid. Bancorporation,* 912 F.2d 654, 657 (3d Cir. 1990) ("[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment.").

*Discussion*

Given that Drew has failed to respond to the statements of material facts submitted by the Defendants in support of their pending motions for summary judgment, the facts set forth by the Defendants are deemed admitted for purposes of the pending motions for summary judgment. *See* F.R.C.P. 56(e)(2); LCvR 56(E).  And those undisputed facts show that the Defendants are entitled to judgment as a matter of law.  More specifically, those facts show the following:

> \*   The Muslims incarcerated at Westmoreland County Prison in April of 2018 were given their meals in accordance with their religious beliefs.  The Muslims who participated in the Ramadan meal program were given more calories on a daily basis than those inmates who were provided three meals a day.  Drew has failed to provide any evidence of record to support his allegations that he was deprived of human necessities and the deprivation amounted to cruel and unusual punishment.  Drew has also failed to provide any evidence of record to support his allegations that his dietary needs during Ramadan were not met or that he was treated differently than other inmates.
>
> \*   Westmoreland County Prison had a valid penological interest in adopting the Religious Church Services Program.  Drew has failed to show that Defendants did

…

not follow this established policy or that the policy itself violated his constitutional rights.

* The extensive meal plans and menus provided in discovery clearly show that all meal requirements were set by Westmoreland County Prison.

* Nutrition, Inc., the employer of Defendants Loebach and Paschke, provided the meals requested, brought the meals to the prison, and supervised the serving of nutritionally appropriate meals.

* Drew named each of the Defendants in their individual capacities only. The Religious Land and Institutionalized Persons Act (RLUPIA) does not provide a private cause of action against individuals. *Sharp v. Johnson*, 669 F.2d 144, 154 (3d Cir. 2012).

Based upon the undisputed material facts presented here, the Court finds that Defendants are entitled to summary judgment on Drew's § 1983 claims as no reasonable factfinder could find that Defendants' violated Drew's constitutional rights. Additionally, Defendants are entitled to summary judgment on Drew's RLUIPA claim as RLUIPA does not provide a private cause of action against individuals.

*Conclusion*

For all these reasons, Defendants' motions for summary judgment will be granted. An appropriate Order follows.

Dated: October 12, 2021

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:    ANTOINE DREW
       2217 Harrison Avenue
       Latrobe, PA 15650
       (via U.S. First Class Mail)

       All Counsel of Record
       (via ECF electronic notification)